UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

GARY E. HUGHES, et al., )
 )
    Plaintiffs, )
 ) No. 5:17-CV-482-REW
v. )
 )
RED RIVER GORGE ZIPLINE, LLC, ) OPINION AND ORDER
d/b/a Red River Gorge Zipline Tours, et )
al., )
 )
    Defendants. )

\*\*\* \*\*\* \*\*\* \*\*\*

Premised on a clause in the agreement Gary Hughes signed before he went ziplining in Red River Gorge, Plaintiff moves the Court to remand this personal injury case to Wolfe Circuit. DE #15 (Motion). Defendant opposed. DE #16 (Response). Hughes replied. DE #20 (Reply). For the following reasons, the Court **DENIES** DE #15 and declines to remand the case.

The pertinent clause reads as follows:

JURISDICTION: Notwithstanding the waiver of liability, release, indemnification, and covenant not to sue which I/we understand and sign voluntarily, I/we further agree that any claim based upon or arising from this document, or my/our participation in the Activity,[1] will be brought in a court located in the Commonwealth of Kentucky and be subject to the statutory and common law of the Commonwealth of Kentucky. I/we also . . . agree to the jurisdiction of the Wolfe Circuit Court or the Wolfe District Court to hear any dispute, legal complaint, or petition for damages.

---

[1] The agreement defines "Activity" as "any adventure, sport or activity associated with a 'zip line,' 'canopy tour,' and/or fitness training regimens and equipment[.]" DE #15-2, at 1. Hughes does not dispute that he participated in an "Activity."

1

DE #15-2, at 2. Wolfe particularly focuses argument on his "agree[ment] to the jurisdiction of the Wolfe Circuit Court or the Wolfe District Court to hear any dispute, legal complaint, or petition for damages." Defendant, no surprise, does not contest that this forum-selection clause is enforceable under Kentucky law. DE #16, at 2.

The Sixth Circuit has described the relevant law in this circumstance:

> The statutory right of removal of a case from state to federal court under § 1441 is a right that can be waived, but such waiver must be "clear and unequivocal." *Regis Assocs. v. Rank Hotels (Mgmt.) Ltd.*, 894 F.2d 193, 195 (6th Cir. 1990) (citations omitted). General principles of contract interpretation apply when determining whether a clause explicitly waives the right of removal. *In re Delta America Re Ins. Co.*, 900 F.2d 890, 892 (6th Cir. 1990). Consequently, the language being interpreted should be given its ordinary meaning, the intent of the parties is relevant, and ambiguities are to be resolved against the drafter. *Id.*

*Cadle Co. v. Reiner, Reiner & Bendett, P.C.*, 307 F. App'x 884, 886 (6th Cir. 2009).

This is not a close call. In the contract, Hughes merely "agree[d] to the jurisdiction of the Wolfe Circuit Court[.]" This clause "neither mentions removal nor sets forth an explicit waiver of that right by" Defendant. *Cadle*, 307 F. App'x at 888. "Indeed, it does not mention any of the defendants at all." *EBI-Detroit, Inc. v. City of Detroit*, 279 F. App'x 340, 347 (6th Cir. 2008). "A clause that does not even mention either removal or the party seeking to remove cannot be a clear waiver of removal." *Id.*[2] The agreement almost wholly contains promises and concessions by Hughes. The Company is not even a signatory. Certainly, the document does not purport to address in clear (any) way the removal rights of the Company.

---

[2] Hughes's efforts to distinguish *Cadle* and *EBI-Detroit*, DE #20, at 2-3, are unconvincing. The holdings and reasoning of the two cases are quite clear and mandate denial of Plaintiff's effort to remand.

2

As Defendant argues, DE #16, at 3-4, an accession to the jurisdiction of a state court quite obviously does not, perforce, preclude jurisdiction in a different forum—that is, simply agreeing to the jurisdiction of a court does not automatically indicate agreement that the court is the *exclusive* ground for litigation.[3] *See Cadle*, 307 F. App'x at 888 (approving reasoning that a clause that permitted litigation in a specific state court "does not provide that venue would not also be proper in a federal district court").[4] The contractual language here manifestly does not establish Wolfe County courts as "the exclusive forum for the resolution of any claims that might arise under the contract," as Hughes argues. *See* DE #20, at 2. Accordingly, the Court holds that the agreement Hughes signed does not contain a "clear and unequivocal" waiver of Defendant's right to remove. *See Regis*, 894 F.2d at 195. Remand is thus inappropriate.[5]

Accordingly, the Court **DENIES** DE #15.

This the 29th day of June, 2018.

Signed By:
*Robert E. Wier*  REW
United States District Judge

---

[3] A preceding clause in the same paragraph supports this conclusion. Hughes also agreed that any claim "will be *brought* in a court located in the Commonwealth of Kentucky," DE #15-2, at 2 (emphasis added), not that any such claim necessarily would be litigated to judgment there.

[4] *Regis* also supports the defense's personal-jurisdiction-based reading of the clause. *See* DE #16, at 4. *Regis* reasoned that "a concession of behalf of [Plaintiff] to submit to the jurisdiction of" a state court "eliminated any question of personal jurisdiction that might have been implicated in litigation[.]" 894 F.2d at 196.

[5] Based on this clear analysis, the Court need not analyze the defense's alternative § 1447(c)-based argument.