UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| GARY E. HUGHES, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 5:17-CV-482-REW |
| v. | ) | |
| | ) | |
| RED RIVER GORGE ZIPLINE, LLC, | ) | OPINION AND ORDER |
| d/b/a Red River Gorge Zipline Tours, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiffs moved to "file an amended complaint pursuant to Fed. R. Civ. Pro. 15(a)(2)." DE #11 (Motion). Defendant Red River Gorge Zipline, LLC (RRG), opposed. DE #13 (Response). Plaintiffs did not reply. For the following reasons, the Court **DENIES** Plaintiffs leave to amend.

On July 31, 2017, Gary and Laura Hughes sued RRG and three "Unknown Defendants" in Wolfe Circuit Court. *See* DE #1-1 (Complaint). The claims arise from Mr. Hughes's unhappy experience ziplining in Red River Gorge, which allegedly ended with him "crash[ing] into the structural beam which supported the zipline and platform[.]" *Id.* at ¶ 16. After answering, DE #1-4, RRG removed the case to this court. DE #1 (Notice of Removal). Judge Caldwell instituted a case schedule, DE #7, and, under the Scheduling Order, Plaintiffs timely moved to amend the complaint. The Chief Judge's case transfer, DE #23, sent the matter to the undersigned.

"As grounds for th[e] motion," Plaintiffs state that they "have discovered the identity of the individuals who were negligent in attending to Gary Hughes while he

1

participated in the zipline course." DE #11, at 1. Specifically, Plaintiffs seek to add as party-defendants Michael Ammerman, Peter Watson, and Andrew Sykut. *See* DE #11-1. The Hugheses claim that these people "were unknown" to them "until Defendant responded to discovery requests." DE #11, at 1. The motion cites no law. RRG opposes amendment, contending, based on particular analyses, that "the proposed amendment would be futile" and "is a blatant attempt to destroy this Court's subject matter jurisdiction." DE #13, at 2. Plaintiffs did not reply to either argument.

In this context, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). RRG opposes the proposed amendment, so the question becomes whether the court should give leave to amend. "A court need not grant leave to amend . . . where amendment would be 'futile.'" *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005) (quoting *Foman v. Davis*, 83 S. Ct. 227, 230 (1962)).

"A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). Evaluating a 12(b)(6) motion to dismiss requires the Court to "accept as true all factual allegations, but not legal conclusions or unwarranted factual inferences." *Theile v. Michigan*, 891 F.3d 240, 243 (6th Cir. 2018) (internal quotation marks removed). "The plaintiff[s] must present a facially plausible complaint asserting more than bare legal conclusions. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)." *Id.*

"Although the statute of limitations is an affirmative defense, it nevertheless may support a Rule 12(b) dismissal if there is no question, given the complaint's facial allegations, that the defense applies. Thus, where the proposed amended complaint's allegations demonstrate on their face that the applicable statute of limitations bars the claims that the amendment asserts, the district court may properly deny leave to amend as futile." *Clark v. Viacom Int'l, Inc.*, 617 F. App'x 495, 500 (6th Cir. 2015) (citation removed); *see also, e.g.*, *Wilson v. Morgan*, 477 F.3d 326, 344 (6th Cir. 2007) (approving reasoning that a "proposed amendment seek[ing] to add new defendants" was "futile" because "such claims would be barred by the statute of limitations"); *Flint v. Target Corp.*, 362 F. App'x 446, 450 n.2 (6th Cir. 2010).

In Kentucky, the statute of limitations for personal injury and loss of consortium claims, which the Hugheses here bring, is 1 year "after the cause of action accrued," *i.e.*, here, 1 year after the injury. *See* KRS 413.140(1)(a); *Carroll v. Owens-Corning Fiberglas Corp.*, 37 S.W.3d 699, 700 (Ky. 2000); *Floyd v. Gray*, 657 S.W.2d 936, 938 (Ky. 1983) ("An action for loss of consortium is required to be brought within one year after the injury."). Here, the injury allegedly occurred on August 7, 2016. DE #1-1, at ¶ 9. Plaintiffs filed the motion to amend on March 27, 2018, well more than 1 year after the injury. *See* DE #11. Accordingly, the 1-year statute of limitations facially bars the claims against the newly-identified putative defendants. Plaintiffs do not contest this.

Concerning possible tolling (although the Hugheses, too, make no argument on this front), RRG points out that Kentucky plaintiffs have a duty "to exercise reasonable diligence to discover . . . the identity of the tortfeasor[s] within the time prescribed by the statute of limitations." *Fluke Corp. v. LeMaster*, 306 S.W.3d 55, 56, 60-61 (Ky. 2010).

3

The Hugheses' "awareness of an injury and of the instrumentality causing the injury is enough to trigger the limitations clock and to impose on [them] the duty to discover the responsible parties." *Id.* at 64. Plaintiffs do not dispute that they were aware of the injury to Mr. Hughes, and the instrumentality causing it, on August 7, 2016, when he openly and obviously "crashed into the structural beam which supported the zipline and platform which resulted in physical injury and damages[.]" DE #1-1, at ¶ 16; *see also* DE #11-1, at ¶ 16 (essentially same, adding that the structural beam was "unpadded" and "metal"). The cause of action, if any, was evident that day.

As RRG argues, and Plaintiffs do not dispute, the record does not reveal "reasonable diligence" on behalf of the Hugheses to discover the identity of the "unknown defendants" within the 1-year limitation period. *See* DE #13, at 4. Indeed, Plaintiffs base their motion on the discovery of the alleged individual tortfeasors' identities only after "Defendant responded to discovery requests." DE #11, at 1. Critically, though, the Hugheses did not *even serve* these discovery requests until *after* the statute of limitations already expired. *See* DE #13-2, at 17 (indicating service on 11/17/17). Such dilatory action does not evidence "reasonable diligence to discover . . . the identity of the tortfeasor[s.]" Again, faced with RRG's response, the Hugheses made no reply and no effort to establish their diligence. This is not a "truly exceptional circumstance" justifying "delaying . . . the running of the statute of limitations[.]" *Fluke Corp.*, 306 S.W.3d at 67.

The Court likewise agrees with RRG (though, again, Plaintiffs make no counter-argument) that the proposed amendment, in these circumstances, would not relate back, under Fed. R. Civ. P. 15(c), to the original complaint. "[A]n amendment which adds a

4

new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations." *Asher v. Unarco Mat. Handling, Inc.*, 596 F.3d 313, 318-19 (6th Cir. 2010); *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) ("Sixth Circuit precedent clearly holds that new parties may not be added after the statute of limitations has run, and that such amendments do not satisfy the 'mistaken identity' requirement of Rule 15(c)(3)(B). . . . Substituting a named defendant for a 'John Doe' defendant is considered a change in parties, not a mere substitution of parties. Therefore, the requirements of Fed. R. Civ. P. 15(c) must be met in order for the amendment adding the named defendant to relate back to the filing of the original complaint."); *Brown v. Cuyahoga Cnty.*, 517 F. App'x 431, 433-35 (6th Cir. 2013); *Beverly v. MEVA Formwork Sys., Inc.*, 500 F. App'x 391, 395 (6th Cir. 2012); *Smith v. City of Akron*, 476 F. App'x 67, 69-70 (6th Cir. 2012).

Per this analysis, Plaintiffs' proposed amendment is futile because the proposed claims against Ammerman, Watson, and Sykut would be barred as outside the applicable statute of limitations. The amendment would not relate back to the original complaint under Rule 15(c).[1] Accordingly, the Court **DENIES** DE #11.

This the 29th day of June, 2018.

Signed By:
*Robert E. Wier* REW
United States District Judge

---

[1] Based on this clear analysis, the Court need not analyze RRG's alternative § 1447(e)-based argument.